# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

vs.

PEGGY J. OWENS, FREDERICK
BURNSIDE, and FREDRICK
WILLIAMS,

    Defendants.

No. 19-CV-2015-CJW-KEM

**ORDER**

_____

This matter is before the Court on defendant Peggy J. Owens' ("Owens") motion for summary judgment. (Doc. 27). Defendants Fredrick Williams ("Williams") and Frederick Burnside ("Burnside") have not resisted Owens' motion. For following reasons, Owens' motion is **denied without prejudice to reassertion**.

## I.     FACTUAL BACKGROUND

The Court's factual findings are based on plaintiff's First Amended Complaint (Doc. 20) ("complaint") and other undisputed matters in the record. Williams and Burnside did not answer the complaint, and thus they admitted the allegations therein. *See* FED. R. CIV. P. 8(b)(6). Owens does not dispute any of the material allegations in the complaint. (*See* Docs. 8, 27-1).

Plaintiff is an insurance company that issued group life insurance policies to the W.W. Grainger, Inc. Group Benefit Trust (the "Trust"). (Doc. 20, at 1-2). Lakisha Williams (the "Insured") was an eligible employee under the Trust. (*Id.*, at 2). Plaintiff issued the Trust group life insurance policy G-45880 which provided basic term life

coverage ("Basic Coverage") and accidental death and dismemberment coverage ("AD&D Coverage"), and policy G-48380 which provided optional term life coverage ("Optional Coverage") (collectively, the "Plans"). (Doc. 14-1, at 1-2). The Insured was enrolled in the Plans, and designated Owens as the sole primary beneficiary of the Basic Coverage and Williams as the sole primary beneficiary of the Optional Coverage and AD&D Coverage. (Doc. 20, at 3).

The Insured died on January 26, 2018. (*Id.*). Williams was a person of interest in the Insured's death. (*Id.*). On February 13, 2019, the State of Iowa charged Williams with Murder in the First Degree of the Insured. *State v. Williams*, Black Hawk County Case No. FECR 229282, Criminal Complaint (Feb. 13, 2019). Williams pleaded not guilty to the Insured's murder and is currently awaiting trial. *Id.*, Written Arraignment and Plea of Not Guilty to Trial Information (Mar. 10, 2019); Pretrial Conference Order (May 9, 2019). Plaintiff paid Owens the death benefit for the Basic Coverage under the Plans. (Docs. 14-1, at 2; 20, at 3). If it is determined that Williams intentionally and unjustifiably caused or procured the Insured's death, then under Iowa's "slayer statute" Williams is not entitled to the death benefits for the Optional Coverage or AD&D Coverage (the "Remaining Death Benefits"). (Doc. 20, at 4 (citing IOWA CODE § 633.535)). Under the slayer statute, Williams will be treated as though he predeceased the Insured for purposes of determining the recipients of Remaining Death Benefits. *See* IOWA CODE § 633.535.

The Plans provide as follows:

Any amount of insurance under a Coverage for which there is no Beneficiary at your death will be payable to the first of the following: your (a) surviving spouse or Civil Union Partner; (b) surviving child(ren) in equal shares; (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (e) estate.

2

(Doc. 20, at 31). The Insured had no living children at the time of her death. (*Id.*, at 4; Doc. 8, at 2). Under the terms of the policies, if Williams cannot receive the Remaining Death Benefits, then Owens, the Insured's mother, and Burnside, the Insured's father, will be the beneficiaries of the Remaining Death Benefits. (*Id.*). The Optional Coverage has a death benefit of $28,000.00, and the AD&D Coverage has a death benefit of $41,528.00. (Doc. 14-1, at 3).

## II. PROCEDURAL HISTORY

Plaintiff filed this interpleader action on March 5, 2019. (Doc. 1). Plaintiff sought to deposit the Remaining Death Benefits, $69,528.00, plus applicable interest, into the Court Registry Investment System ("CRIS") and requested that the Court discharge plaintiff from any further liability to defendants under the Plans after depositing the funds. (Docs. 1, at 5; 20, at 5-6). Plaintiff also sought an order enjoining defendants from bringing any claim or proceeding against plaintiff for the Remaining Death Benefits and requiring defendants to litigate their claims to the Remaining Death Benefits. Plaintiff also requested its attorneys' fees and costs, in their entirety. (Docs. 1, at 5; 20, at 5-6).

Plaintiff served Burnside and Owens with its complaint on March 15, 2019, (Docs. 3; 4) and Williams on March 18, 2019, (Doc. 6). Only Owens answered plaintiff's complaint. (Doc. 8). Owens' answer did not assert a cross-claim against the other defendants, or otherwise assert a claim to the funds at issue. (*Id.*). Owens never served her answer on Williams or Burnside. (*Id.*). On May 10, 2019, plaintiff filed its Motion for Clerk's Entry of Default Judgment against Williams and Burnside. (Doc. 11). The Clerk of Court found Williams and Burnside in default. (Doc. 12). Plaintiff then moved for entry of default judgment. (Doc. 13). Owens did not resist plaintiff's motion (Docs. 13, at 1; 13-7, at 1), and Williams and Burnside did not file resistances. On July 24, 2019, plaintiff filed a motion for leave to amend to correct the spelling of Williams' first

3

name. (Doc. 18.) The Court granted the motion (Doc. 19) and plaintiff's amended complaint was deemed filed on July 25, 2019.

The Court granted in part, denied in part, and held in abeyance in part plaintiff's motion for default judgment. (Doc. 21). The Court found that plaintiff properly invoked interpleader, allowed plaintiff to deposit the Remaining Death Benefits into CRIS, and upon the deposit, discharged plaintiff from any further liability in this matter. (*Id.*, at 8-12). The Court denied plaintiff's request for permanent injunctive relief and denied plaintiff's request that the Court order the defendants to litigate their claims to the Remaining Death Benefits. (*Id.*, at 13-14). In light of Williams' incarceration pending trial for the Insured's murder, the Court granted all of the parties twenty-one days after the conclusion of Williams' criminal trial to file their claims to the Remaining Death Benefits. (*Id.*, at 14).

Plaintiff deposited the Remaining Death Benefits into CRIS. Plaintiff then filed a motion for attorneys' fees and costs (Doc. 23) which the Court granted (Doc. 25). The Court will continue to refer to the implead fund, less the attorneys' fees and costs, as the Remaining Death Benefits.

On February 3, 2020, Owens filed her Claim for Remaining Death Benefits. (Doc. 26). This one-page document contains no allegations of fact supporting Owens' purported claim to the Remaining Death Benefits. (*Id.*). Owens never served Williams or Burnside with her claim. (*Id.*). Also, on February 3, 2020, Owens filed the motion currently before the Court. (Doc. 27). Owens asserts that the other defendants are in default, and therefore she is entitled to the Remaining Death Benefits as a matter of law.

### III. ANALYSIS

#### A. *Form of Motion*

Owens' motion purports to be a motion for summary judgment under Federal Rule of Civil Procedure 56. The Court, however, characterizes motions based on their

content, rather than the label attached by the moving party. *Pro Edge L.P. v. Gue*, 377 F. Supp. 2d 694, 698 (N.D. Iowa 2005) (citing *BBCA, Inc. v. United States*, 954 F.2d 1429, 1431-32 (8th Cir. 1992), *cert. denied*, 506 U.S. 866). A party may move for summary judgment on a "claim or defense—or [a] part of [a] claim or defense." FED. R. CIV. P. 56(a). Owens' "claim" (Doc. 26) is not a claim within the meaning of Rule 8, which requires in part "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The content of Owens' motion makes clear that it is actually a motion for default judgment under Rule 55. *See Gulf Coast Galvanizing, Inc. v. Steel Sales, Co.*, 826 F. Supp. 197, 204 (S.D. Miss. 1993) (noting that the plaintiff's "motion for summary judgment" alleging that the government failed to assert its claim to the implead fund was, in substance, a request for a default judgment). Thus, the Court will analyze Owens' motion under Rule 55.

### B. Applicable Law

Federal Rule of Civil Procedure 55 governs default judgments:

> By its terms, the Rule requires two steps before entry of a default judgment: first, pursuant to [Rule] 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend; second, pursuant to [Rule] 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule.

*Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 683 (N.D. Iowa 1995). "[I]t is of course appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). The clerk can enter a judgment on a default when a plaintiff seeks a sum certain, but in all other cases the court must enter the judgment. FED. R. CIV. P. 55(b). Owens does not seek a money judgment against the other defendants; she seeks a

declaration from the Court that she is entitled to the Remaining Death Benefits, and thus the Court must enter the default judgment. FED. R. CIV. P. 55(b).

> Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."

*Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary K. Kane, FEDERAL PRACTICE AND PROCEDURE, § 2688 (3d ed. 1998)). The Court will consider the uncontroverted allegations in plaintiff's complaint as true because the Court entered a default judgment in favor of plaintiff against Williams and Burnside as to plaintiff's interpleader complaint. (Doc. 21).

The entry of a default judgment is left to the Court's discretion. *Rogovsky Enter., Inc. v. Masterbrand Cabinets, Inc.*, 88 F. Supp. 3d 1034, 1039 (D. Minn. 2015). "The entry of default judgment is not favored by the law[ ] and should be a rare judicial act." *Jones Truck Lines, Inc. v. Foster's Truck & Equip. Sales, Inc.*, 63 F.3d 685, 688 (8th Cir. 1995) (internal quotation marks and citations omitted). In determining whether to grant a default judgment, courts consider various factors including:

> whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

*Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (citation omitted).

### C. *Default Judgment*

A default judgment is not appropriate under the circumstances. Even taking all facts in plaintiff's complaint as true, plaintiff's complaint does not establish Owens' right

to the Remaining Death Benefits. The complaint states that Williams is the named beneficiary of the Remaining Death Benefits (Doc. 20, at 3), and only states that Williams is a "person of interest" in the Insured's murder (*Id.*). The Court has taken judicial notice of the fact that Williams has been charged with and is awaiting trial for the Insured's murder. Because Williams has not been convicted of the Insured's murder, Owens must prove by a preponderance of evidence that Williams intentionally and unjustifiably caused the Insured's death in order to show she is entitled to the Remaining Death Benefits. IOWA CODE §§ 633.535-36. Even taking as true the allegations of fact in plaintiff's complaint, there is nothing in plaintiff's complaint from which the Court could find that Williams in fact murdered the Insured. The complaint only alleges that Williams was a person of interest. The Court took judicial notice that Williams has been charged with the Insured's murder. It is a fundamental principle of our legal system that Williams is presumed innocent until proven guilty. *Nelson v. Colorado*, 137 S. Ct. 1249, 1256 (2017).

Even assuming Williams' and Burnside's defaults admitted the facts in Owens' claim (Doc. 26), Owens would still not be entitled to the relief she seeks. There are no allegations of fact in Owens' claim, even if taken as true, that could support a finding that Williams intentionally and unjustifiably caused the Insured's death. The unchallenged facts in the record do not entitle Owens to the relief she seeks. *See Sampson v. Lambert*, 903 F.3d 798, 806 (8th Cir. 2018) ("A district court may not enter default judgment based on a complaint not well-pleaded.").

The Court also has concerns about the procedural steps leading to Owens' motion. First, Owens failed to properly serve her answer on Williams or Burnside. Unless otherwise ordered, a party must serve all pleadings after the original complaint on every party. FED. R. CIV. P. 5(a)(1). Answers are "pleadings." FED. R. CIV. P. 7(a)(2). Although service is not required on a party in default, FED. R. CIV. P. 5(a)(2), Williams

and Burnside were not in default until May 13, 2019, a week *after* Owens filed her answer. (Docs. 8; 12). Owens' answer states that it was only served on plaintiff's counsel via ECF, but there is no indication that Owens ever served it on Williams or Burnside.

More importantly, Owens never served Williams or Burnside with her claim. (Doc. 26). Owens' claim was the first time that she asserted a right to the Remaining Death Benefits. Although Owens' claim does not explicitly state it, for Owens to be entitled to the Remaining Death Benefits, Owens' claim must assert that Williams forfeited any right to the Remaining Death Benefits under the slayer statute. Although Williams and Burnside were in default as to plaintiff's complaint when Owens filed her claim, a pleading that asserts a new claim against a party in default "must be served on that party under Rule 4." FED. R. CIV. P. 5(a)(2). Because Owens never served her claim on Williams or Burnside, the Court cannot find that Williams or Burnside are in default under Rule 55 as to Owens' claim.

Under these circumstances, Williams' and Burnside's defaults as to Owens' claim, if any, are largely technical and excusable. Also, given the service issues and lack of a factual basis in the record to support Owens' claim, the grounds for a default judgment are in doubt. Owens has also failed to establish any substantial prejudice by Williams' and Burnside's delay. For all these reasons, Owens' motion (Doc. 27) is **denied without prejudice to reassertion**.

If Owens intends to pursue the Remaining Death Benefits, she must file a cross-claim against Williams and Burnside that complies with the pleading requirements of Rule 8. Owens' cross-claim must assert facts that, if proven, would show that Owens is entitled to the Remaining Death Benefits. In light of Rule 5(a)(2), Owens must serve Williams and Burnside with a copy of her cross-claim in accordance with Rule 4. If

Williams and Burnside fail to answer the cross-claim, then Owens may reassert her motion for default judgment under Rule 55.

**IT IS SO ORDERED** this 10th day of April, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa